STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-53
SKS - KEN - 3 - 2007

WISVEST CORP.,

        Petitioner

    v.

STATE TAX ASSESSOR,

        Respondent

**DECISION ON APPEAL**

This matter comes before the court on appeal by petitioner Wisvest Corp. ("Wisvest") pursuant to 36 M.R.S.A. § 151 and 5 M.R.S.A. § 11002 from a decision of respondent State Tax Assessor ("Assessor"). The decision being appealed upholds an assessment of additional corporate income tax, interest, and penalties for a period including tax years ending December 31, 1999, December 31, 2000 and December 31, 2001.

### Factual and Procedural Background

Wisvest is a foreign corporation organized under the laws of Wisconsin with a principal place of business in Milwaukee, Wisconsin. The corporation invests in energy-related entities and energy management projects and services in several states. During the tax years in question, Wisvest owned a 49.5% interest in Androscoggin Energy, LLC ("AEL"), which was for tax purposes a partnership operating an energy business (a cogeneration electrical power plant) exclusively at a single site in Maine.

On its Maine corporate income tax returns filed for tax years 2000 and 2001, Wisvest included income derived from separate operations it asserts were conducted entirely outside of Maine and which had no unitary relationship with the business conducted AEL in Maine. The specific income that was the subject of the decision in

question was a $90 million capital gain Wisvest recognized as the result of a repayment of a loan note by the other major investor in AEL. (Skygen, later Calpine). The Assessor audited the Wisvest returns and, by notice dated November 18, 2003, assessed additional tax, interest and penalties of approximately $1.3 million for the two tax years. Wisvest filed a Request for Reconsideration, which led to an informal reconsideration conference. By letter dated July 29 2005, the Assessor notified Wisvest that, after reconsideration, it was upholding the assessment in full. The pending appeal followed.

**Discussion**

In its petition, Wisvest (1) challenged the conclusion of the Assessor concerning the taxes assessed on the income noted above, (2) argued for a separate accounting of Wisvest business activity in Maine and (3) sought relief from the penalties assessed for the tax years in question. The latter two issues were not addressed subsequently by Wisvest and are considered abandoned. Only the primary issue remains. The burden of proof is with the petitioner. 36 M.R.S.A. § 151. In this case, it is up to Wisvest to prove "by clear and cogent evidence" that the income in question was unrelated to its activities in Maine. *Allied-Signal, Inc. v. Director, Division of Taxation*, 504 U.S. 768, 112 S.Ct. 2251, 119 L.Ed.2d 533 (1992).[1] Wisvest has not sustained this burden.

Wisvest's primary argument is that its relationship with AEL is not that of a unitary business, and therefore income that it has received from operations and activities outside of the State may not be considered for apportioning for Maine corporate tax purposes. According to this view, the relationship between the two companies is characterized as that of a passive investment, yet the facts as stipulated by the parties and as analyzed by the Assessor, are to the contrary. Another partner

---

[1] *See, International Paper Co. v. State Tax Assessor*, CV-91-58, 1996 Me. Super. LEXIS 321 (Sept. 30, 1996), for an excellent discussion of the applicable law.

company – Skygen/Calpine – took the lead in management of AEL operations, but certain key management decisions required Wisvest's approval. Wisvest also had rights to acquire ownership of Skygen, which were the subject of the buy-back which generated the capital gains in question. Wisvest also made further capital contributions and received operation status reports. Finally, Wisvest contributed power plant turbines to AEL during its start-up phase. Furthermore, Wisvest is in the business of energy company investment and operation. In other words, the two companies are functionally integrated through Skygen/Calpine management and Wisvest oversight, centralized management appears through Wisvest's veto power over certain management decisions, and economies of scale have been accomplished through the donation of the power plant turbines. This all constitutes evidence of record noted in and in support of the Assessor's finding that AEL is part of Wisvest's unitary business.

Even though Wisvest is not successful in its attempt to prove that it is not in a unitary business with AEL, this does not end the analysis. As the Supreme Court has observed in this regard:

> [T]he payee and the payor need not be engaged in the same unitary business as a prerequisite to apportionment in all cases. . . . What is required instead is that the capital transaction serve an operational rather than an investment function.

*Allied-Signal, supra,* at 787. While it is important to the analysis to determine whether the business relationship is a unitary one, in the end it is the characterization of the income which is the deciding element. The Assessor realized the need for this added analysis, ultimately finding that the repurchase of the conversion rights resulted in income to Wisvest "operationally related to its unitary power plant business." If the asset sold had been an interest in a business completely unrelated to Wisvest's energy business, for example agricultural production or manufacturing, which was being held

solely for investment purposes, the answer may have been different. But here, the asset was actually the right to purchase the primary management authority and assets of AEL, and therefore directly related to its operations. Wisvest presents no evidence to the contrary.

In light of the foregoing, the entry will be:

The decision of the Assessor is AFFIRMED.

Dated: March 16, 2007

S. Kirk Studstrup
Justice, Superior Court

Date Filed ___8/29/05___    ___KENNEBEC___    Docket No. ___AP05-53___

County

Action ___PETITION FOR REVIEW___

# J. STUDSTRUP

WISVEST CORPORATION                                    JEROME GERARD, MAINE REVENUE SERVICES
                                        vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| – DANIEL MURPHY ESQ<br>PO BOX 9729<br>PORTLAND MAINE  04104<br><br>–Philip Olsen, Esq. | Thomas Knowlton AAG<br>State House Sta 6<br>Augusta Maine  04333 |

| Date of Entry | |
|---|---|
| 8/29/05 | PETITION FOR REVIEW, FILED. S/MURPHY, ESQ.<br>Entry of Appearance by Daniel Murphy, Esq. |
| ------- | |
| 9/1/05 | Entry of Appearance by Thomas Knowlton, AAG. for Defendant. |
| 9/15/05 | State Tax Assessor's Consented-to Motion for an Order to Specify the Future Course of Proceedings, filed. s/Knowlton, AAG<br>Proposed Order, filed. |
| 9/20/05 | ORDER SPECIFYING FUTURE COURSE OF PROCEEDINGS, Studstrup, J.<br>(Discovery to be completed by 5/19/06 and motions to be filed within 2 month of the close of discovery)<br>Copies mailed to attys of record. |
| 9/28/05 | Motion for Admission of Attorney Philip S. Olsen to Appear and Practice Pro Hac Vice, filed. s/Murphy, Esq.<br>Certification for Admission Pro Hac Vice of Philip S. Olsen, filed. Olsen, Esq.<br>Proposed Order, filed.<br>Certificate of Service, filed.  s/Murphy, Esq. |
| 9/28/05 | ORDER GRANTING MOTION FOR ADMISSION OF PHILIP OLSEN TO APPEAR AND PRACTICE PRO HAC VICE, STUDSTRUP, J.<br>Copies mailed to attys. |
| 12-14-05 | Received and filed by Attorney for Petitioner, Daniel Murphy a Notification of Discovery Service.  Papers served on Thomas A. Knowlton, AAG November 23, 2005 and December 12, 2005.  Papers served were Petitoner's Responses & Objections to Respondent State Tax Assessor's First Request for Production of Documents, and Petitioner's Responses & Objections to Respondent's First Set of Interrogatories. |
| 01-12-06 | Received and filed by Attorney for Petitioner, Daniel Murphy a Notification of Discovery Service. A Petitioner's First Request for Production of Documents served on Thomas Knowlton, Esq., on 01-11-06.  These discovery documents were served by regular mail. |